### 61174. AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA v. ANDRE et al.

QUILLIAN, Chief Judge.

The defendant, a foreign insurance carrier, appeals from a judgment denying its motion to set aside a judgment entered pursuant to a jury verdict awarding damages. The defendant failed to answer the plaintiffs' complaint and was in default. Thus, the jury trial was concerned solely with the issue of the imposition of damages. The defendant contends that it was not in default since it was not properly served and that the trial judge erred in overruling its motion for judgment notwithstanding the verdict because the evidence failed

to establish the measure of damages. *Held:*

1. Service on the defendant was obtained by service of process on the Insurance Commissioner who forwarded a copy to the defendant by registered mail in accordance with Code Ann. § 56-1204 (Ga. L. 1960, pp. 289, 501).

The papers were delivered on December 18, 1979 and forwarded by the Insurance Commissioner on December 20, 1979. The defendant contends such service was ineffective since there was no service on its agent appointed to receive service as required by Code Ann. § 56-1203 (Ga. L. 1960, pp. 289, 501). By affidavit of its appointed agent the defendant sought to prove that on December 20, 1979, such individual was appointed the defendant's agent in fact. However, the Insurance Commissioner certified that defendant filed a power of attorney (under Code Ann. § 56-1203 Ga. L. 1960, pp. 289, 501) on February 22, 1980.

Code Ann. § 56-1203 (1) and (2) require: "(1) Each such insurer shall file with the commissioner a power of attorney appointing a person who is a resident of this State to receive service of legal process issued against it in Georgia upon any cause of action arising from its transactions of business in this State. Such power of attorney shall be irrevocable and may only be terminated by the filing of a new appointment by the insurer.

"(2) Each such insurer shall appoint the commissioner as its attorney to receive service of legal process issued against it in Georgia upon any cause of action arising from its transactions of business in this State . . . Service of process upon the commissioner, however, shall only be made when service cannot be effected in this State by serving the attorney-in-fact appointed by the insurer as provided under subsection (1) above." While Code Ann. § 56-1204 (1) further provides: "In addition to other methods of service provided by law, a foreign or alien insurer may be served with legal process by service of duplicate copies thereof on the agent for service designated under the preceding section or upon the commissioner."

It is therefore evident that service on the Insurance Commissioner is proper where a power of attorney appointing an agent for service has not been filed. Thus, the defendant failed to carry its burden of establishing improper service at the time service was sought to be accomplished.

2. The complaint alleged that "the defendants are indebted to plaintiffs in the sum of $785.00 under the Home Owners Policy issued to plaintiffs, said policy number being A-331057. That plaintiffs have made claims for said $785.00 because of defects covered by policy, and plaintiffs show that $725.00 was paid to Ronnie Rice Plumbing Company for foundation repairs and $60.00 paid to Emil Fraley for

roof repairs. That all of said defects were defects covered by the said policy and after numerous telephone calls and letters between Sullivan, the builder, and the two defendants, no action has been done to rectify these matters and petitioners at their own expense have corrected the defects." The plaintiffs offered proof to substantiate the allegations as to the amount of damages. Moreover, a witness for the defendant testified as to the defects and what the reasonable costs of remedying the defects would be. Although this sum was less than the amount paid by the plaintiff, the defendant has never contended that verdict was excessive but only that there was nothing to sustain the finding.

The defendant's contention with regard to the insufficiency of the evidence is not meritorious.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1981 —
REHEARING DENIED FEBRUARY 25, 1981 — 

*James A. White, Jr.,* for appellant.
*W. B. Mitchell,* for appellee.

ON MOTION FOR REHEARING.

The appellant contends that we have created a conflict where none exists between its agent's affidavit and the certificate by the Insurance Commissioner. What the appellant overlooks is the principle that the evidence must have demanded a finding for appellant in order to reverse the trial court's judgment. The Statute (Code Ann. § 56-1203) requires that the appointment of a person authorized to receive service must be filed with the Insurance Commissioner. The affidavit offered by the appellant stated that a named individual was the appointed attorney-in-fact as of December 20, 1979, and that the appointment was filed with the Insurance Commissioner, but did not set forth the date when the appointment was filed. Our holding was, therefore, that where the certificate by the Insurance Commissioner showed a filing on February 22, 1980, the evidence did not demand a finding that the appointment had been filed in December, 1979.